UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STELLA R. JOHNSON<br>929 Ray Road<br>Hyattsville, MD 20783<br><br>    Plaintiff<br><br>    v.<br><br>DISTRICT OF COLUMBIA<br>1350 Pennsylvania Avenue, NW<br>Washington, DC 20004<br><br>    and<br><br>HONORABLE MURIEL BOWSER<br>Mayor of the District of Columbia<br>1350 Pennsylvania Avenue, NW<br>Washington, DC 20004<br><br>SERVE:<br>Office of the Attorney General<br>400 - 6th Street, NW<br>Washington, DC 20001<br><br>    Defendants | Case No. |

## COMPLAINT

**COMES NOW** Plaintiff Stella R. Johnson, the owner of real property situated at 3128-3130 Georgia Avenue, NW, Washington, DC (often referred to as the "subject property" or "Plaintiff's property"), by and through counsel, to sue the District of Columbia Government and challenge the unlawful, systemic and continuous regulatory taking of her property rights, guaranteed under the Fourth and Fifth Amendments to the United States Constitution.  The District of Columbia Government agencies involved in the asserted regulatory taking are the Department of Consumer and Regulatory Affairs (hereinafter referred to as "DCRA") and its

Vacant Building Enforcement Unit (hereinafter referred to as "VBE") and the Office of Tax and Revenue (hereinafter referred to as "OTR").

## THE PARTIES

1. Plaintiff Stella R. Johnson is a citizen of the United States and a resident of Hyattsville, Maryland, a suburb of the District of Columbia. Plaintiff is the owner of several commercial properties in the District of Columbia, including 3128-3130 Georgia Avenue, NW, Washington, DC 20010. Plaintiff's ownership of the subject real property began in March 1986, long before the DCRA Vacant Building Enforcement Unit was established to administer the statute codified at D. C. Code §42-3131.01 *et seq.* and its amendments.

2. Defendant District of Columbia is a municipal corporation organized under the laws and Constitution of the United States. The Department of Consumer and Regulatory Affairs ("DCRA") is an agency of the District of Columbia government charged with enforcing the laws codified at D. C. Code §42-3131.01 *et seq.* and the regulations, customs, practices, and policies appertaining thereto.

3. Defendant Muriel Bowser is the Mayor of the District of Columbia; and as such, she is responsible for executing and administering the District of Columbia's laws, customs, practices, and policies. In that capacity, Mayor Bowser is presently enforcing the unconstitutional laws, regulations, customs, practices, and policies complained of in this action; and she is sued in her official capacity.

## JURISDICTION AND VENUE

4. The United States Constitution guarantees due process before a citizen can be deprived of her property rights. An owner of commercial real property in the District of Columbia who has been deprived of an interest in such property by the District of Columbia

government without just compensation has an actionable Fifth Amendment Takings claim as soon as the government takes her property without paying for it.

5. The Civil Rights Act of 1871 guarantees a federal forum for claims of unconstitutional treatment at the hands of state or local officials. The settled rule is that exhaustion of state or local remedies is not a prerequisite to an action under 42 U.S.C. §1983. See *Knick v. Township of Scott, Pennsylvania,* 588 U.S. ____, 139 S. Ct. 2162, 204 L.Ed.2d 558 (2019).

6. Similarly, an owner of commercial real property who has been deprived of a property interest without adequate procedural or substantive due process of law has an actionable Fifth Amendment claim against the District of Columbia government under 42 U.S.C. §1983.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343, and 42 U.S.C. §1983.

8. Venue lies in this Court pursuant to 28 U.S.C. §1391.

## **INTRODUCTION**

9. Plaintiff's property located at 3128-3130 Georgia Avenue, NW, Washington, DC 20010, has always enjoyed a productive use.

10. The structure situated on Plaintiff's property is, and has always been, well-maintained. Without interruption, all utility services, electric, heating, and water, have been continuously in operation since 1986. The grassy area of the subject property always has been routinely cut and kept manicured. The surface of the parking lot remains level and evenly paved. There are no boards covering any of the windows or doors of the building located on the subject property. There is no trash or debris located on the subject property. The subject property is secured and monitored by security cameras.

11. The subject property has always been maintained in accordance with the District of Columbia municipal regulations for health and safety. The subject property is not a magnet for vandalism, squatting, or violent crime; and there is no indication that the subject property is vacant.

12. According to the District's own tax assessment records, the subject property has not decreased in economic value; and it has consistently been regarded as a tax-generating property. Since at least 2014, the assessed value of the subject property has increased by at least $100,000.00 per year.

13. From the date of her initial acquisition of the subject property, Plaintiff has, without fail, timely paid the real property taxes that were assessed against the property at the Class 2 tax rate.

14. The actions complained of herein are not isolated and involve four attempts that DCRA has undertaken, three (3) of which occurred in the penultimate stage of the previously described administrative process, to force the sale of the subject property before reaching the final stage of the administrative process.

15. Between 2015 and now, VBE has on at least four occasions arbitrarily and without justification designated the subject property as "vacant property." Such designations have led to an increased tax rate, from the Class 2 tax rate to the higher Class 3 tax rate.

16. As a result of each VBE redesignation of the tax rate from Class 2 to the higher Class 3 rate, OTR subsequently determined that each of Plaintiff's timely made payments at the Class 2 tax rate were untimely.

17. After each of the four redesignations of the subject property from Class 2 to Class 3, OTR proceeded to recalculate Plaintiff's tax liability for the subject property at the Class 3 tax rate and imposed interest and penalties for the alleged late payment of taxes.

18. Each time that Plaintiff refused to pay the recalculated Class 3 tax liability amount, along with the attendant interest and penalties, OTR caused a description of the subject property to be placed on the District's real property tax sale list.

19. Each time that the subject property was designated as "vacant property," Plaintiff administratively challenged the erroneous designation of the subject property and the unjustified tax rate reclassification from the Class 2 level to the Class 3 level.

20. For matters involving the dispute of real property tax assessments, the Real Property Tax Appeal Commission (hereinafter referred to as "RPTAC") is the District of Columbia's highest administrative tribunal.

21. With respect to VBE's first three erroneous "vacant property" redesignations, Plaintiff sought relief through an appeal to RPTAC. Plaintiff was successful on all three occasions. (See Exhibit Nos. 1-3.)

22. On or about March 2, 2020, Plaintiff received the last favorable ruling from RPTAC.

23. Despite having prevailed on three occasions against the District of Columbia at RPTAC, Plaintiff has not been able to stop VBE and OTR from selling and/or attempting to sell the subject property at a public real property tax sale.

24. After each of the three rulings were rendered in Plaintiff's favor, DCRA ignored the appellate RPTAC decisions; and VBE continued its efforts to prompt the seizure of the subject property.

25. On August 21, 2019, a fourth "vacant property" designation was served on Plaintiff. In order to contest the erroneous designation, Plaintiff timely filed a Vacant Building Response form on or about September 12, 2019.

26. Under District law, there is a mandatory 30-day period within which VBE must respond to Plaintiff's response form.

27. Despite the expiration of the mandatory period of time within which VBE is required to respond to Plaintiff, and despite Plaintiff's multiple telephonic and email inquiries regarding the status of her appeal, Plaintiff has received no response from VBE.

28. Despite Plaintiff's timely filing of the requisite Vacant Building Response form and VBE's total failure to respond, the District of Columbia has listed Plaintiff's property to be sold at the October 13, 2021 real property tax sale.

29. Because VBE has failed to act on Plaintiff's request, Plaintiff cannot appeal to RPTAC for relief.

30. To protect her constitutional rights, Plaintiff's sole recourse is to bring the instant action.

## POLICIES AND PROCEDURES OF THE DISTRICT'S
## VACANT BUILDING ENFORCEMENT UNIT

31. Approximately fifteen (15) years following Plaintiff's acquisition of the subject property, the District of Columbia government codified the following definitions:

(1) "Vacant building means a building, or a part of a building, which contains a dwelling or commercial unit, or a part of the building which is a dwelling or commercial unit, which, on or after April 27, 2001, has not been occupied continuously for more than 180 days." D.C. Code §42-3131.05(5).

(2) "Occupied means: (B) For purposes of a commercial unit, use consistent with zoning regulations, for which there is a current valid certificate of occupancy, and (i) paid utility receipts for the specified period, executed lease agreements, or sales tax return, or (ii) other evidence of use of the building that the Mayor may require by a rule." D.C. Code §42-3131.05(3)(B).

32. DCRA encourages and advertises for the reporting of potential vacant properties directly to DCRA through the District of Columbia's 311 system. The reporting can be done in a number of ways. Specifically, a report can be made by calling 311, or by visiting the 311.dc.gov website, or by using the mobile app (DC311), or by using the online live chat feature during standard business hours, or by texting DC311, or by tweeting to @311dcgov.

33. The identity of any party reporting a property as "vacant" is withheld by VBE from both the property owner and from the public.

34. From years of experience, the VBE staff is well aware that if a non-community resident reports a "vacant property," the party reporting the property as "vacant" is a developer, a speculator, or a person having an interest in acquiring the property at a low or compromised price.

35. According to published information on how VBE operates, all vacant buildings, excluding vacant buildings owned by the federal government, a foreign government or their instrumentalities, and the District of Columbia government or its instrumentalities, are subject to registration fees and higher property tax rates unless such buildings qualify for one of a number of exemptions. D.C. Code §42-3131.06(b)

36. With no notice to the affected property owner and without ever conducting any semblance of a systematic or formal inquiry to discover and examine pertinent facts about the

characteristics of a reported property, VBE responds to the reporting of a "vacant property" by formally designating the property as "vacant property" and placing the square, lot number, and street address of the property on a list of similarly declared properties in the District of Columbia.

37. Within days after the property is designated as "vacant property" and before the property owner can engage in the initial step of the administrative appeal process, VBE transfers the list containing designated "vacant" properties to OTR for the sole purpose of effecting a reclassification of the property to Class 3 (vacant). The Class 3 designation has a substantially higher tax rate.

38. The tax rate for Class 3 (vacant) property is $5.00 per $100.00 of the property's assessed value. The tax rate for Class 2 (occupied) for commercial real property with an assessed value not greater than $5 million, is $1.65 per $100.00 of the property's assessed value.

39. The property owner is not notified before OTR implements a tax reclassification.

40. The property owner is merely informed that she must file a "Vacant Building Response Form" and prove that the property is not "vacant" or prove that one or more exemptions apply to prevent the property from being taxed at the higher "vacant property" tax rate.

41. Under District law, if VBE deems the proof offered by the property owner in the "Vacant Building Response Form" to be insufficient, the property owner is given fifteen (15) calendar days to appeal to a Senior DCRA official or the Chief Building Official to seek reconsideration of the prior decision. See D.C. Code §42-3131.08.

42. Although the written explanation of rights on this second level of appeal gives the impression that the decision-maker will be impartial and look at the facts anew, this is not what

happens.  The appeal actually is decided by the Program Manager for VBE, the very office that made the original designation that the property was "vacant."

43. The Senior DCRA official has thirty (30) calendar days to issue a notice of final determination.

44. Once a notice of final determination is issued, the property owner has forty-five (45) calendar days to file an appeal with the Real Property Tax Appeals Commission ("RPTAC").  D.C. Register, Vol. 60 – No. 29 §2006 (July 5, 2013).  This is the District's administrative tribunal of last resort.

45. VBE does not abide by the decisions of RPTAC.  Instead, VBE continues to press the issue by repeatedly filing a new designation thereby causing the administrative process to start over and over again.

## ADDITIONAL FACTS

46. The Takings Clause of the Fifth Amendment to the United States Constitution provides "[N]or shall private property be taken for public use, without just compensation."

47. The District of Columbia government's laws, regulations, customs, practices and policies regarding real property designated as "vacant property" are a species of government regulations or use restrictions that impair the value of and permanently curtail the economic value of private property, while depriving the owner of a fair return on her investment in such property.

48. By maintaining and enforcing a set of laws, allegedly emanating from D. C. Code §42-3131.01 *et seq.* and the implementing regulations, customs and/or policies, the District of Columbia government is propagating customs, policies, and practices that violate the Plaintiff's individual rights under the Fifth and Fourth Amendments to the United States Constitution, in

violation of 42 U.S.C. §1983. These laws also cause the property owner to unnecessarily incur significant legal expenses, over multiple years, to address the continuous and persistent attacks from VBE.

49. VBE is laser-focused on divesting Plaintiff of her equity and ownership of 3128-3130 Georgia Avenue, NW, Washington, D.C. 20010, even though no conditions exist on the property for which the Mayor is required or authorized to correct.

50. Absent the existence of a condition on the property for which the Mayor is empowered to correct, the Mayor is not authorized to assess increased taxes against the subject property beyond the Class 2 tax rate.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983; FIFTH AMENDMENT TO THE
## UNITED STATES CONSTITUTION

51. Paragraphs 1 through 50 are incorporated as though fully stated herein.

52. The District of Columbia has overstepped its bounds and has obliterated any substantive or procedural rights to due process guaranteed to plaintiff under the United States Constitution.

53. The initiation and prolonged maintenance of a legal proceeding against a commercial property owner based on the word of a non-community resident or a developer or a person interested in acquiring the property, without any investigation by a governmental official is egregious conduct that shocks one's conscience.

54. By forcing plaintiff, a commercial property owner, to bear the expense and burden of proving that her property is not vacant, especially when there is not a scintilla of evidence to support a presumption of "vacancy," is an unconstitutional taking.

55. The increase of property taxes on a commercial property to astronomical levels and the imposition of penalties and interest is an act of such a disparaging nature that it foreseeably impairs the value of the property in the minds of others.

56. The VBE intentionally and unjustly prolongs the administrative proceedings by failing to adhere to dates which were established under its own regulations. This jeopardizes the stability of the owner's relationship with her property.

57. VBE repeatedly fails to abide by the decisions rendered by RPTAC.

58. Plaintiff should not be victimized by the unconstitutional laws, rules and regulations and antics of VBE, given that none of these laws, rules and regulations existed in 1986 when plaintiff acquired the subject property.

59. The District of Columbia government has no right to strip plaintiff of the equity in her property, especially since plaintiff has never been delinquent in the payment of taxes on the subject property.

60. The administrative scheme for addressing claims regarding "vacant" property is devoid of integrity and smells of corruption and collusion with developers.

61. Ultimately, the actions of the District are in sync with developers: frustrate seasoned, minority property owners who possess economically attractive commercial real property in the District of Columbia so that they will be compelled to sell their equity in disgust for a price lower than fair market values.

62. Plaintiff is unable to achieve fair and just relief through the administrative process designed by the District of Columbia government.

63. Defendants are enforcing customs, policies, and practices that violate the Plaintiff's individual rights under the Fifth Amendment to the United States Constitution.

64. Plaintiff is therefore entitled to permanent injunctive relief against the enforcement of the District's customs, policies, and practices and compensatory damages under 42 U.S.C. §1983 and §1988, and the common law of the District of Columbia.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202

65. Paragraphs 1 through 64 are incorporated as though fully stated herein.

66. Plaintiff is entitled to declaratory relief holding that Defendants, by maintaining and allegedly enforcing D. C. Code §42-3131.01 *et seq.* against Plaintiff's property (1) be enjoined from selling the Plaintiff's property at the October 13, 2021 real property tax sale; (2) enjoined from exercising authority over commercial property beyond the statutory authority conferred upon the Mayor/DCRA; (3) Strict compliance with the time requirements that are established in the administrative appeals process, (4) be permanently enjoined from using unpublished rules, regulations and/or laws as a basis for determining the occupancy status of commercial properties; (5) the removal of Plaintiff's property from any DCRA or Department of Tax and Revenue list of vacant properties; and (6) curtail the continued unsubstantiated (arbitrary) annual increase in the assessed value of Plaintiff's commercial property.

67. Plaintiff is therefore further entitled to injunctive relief barring continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices.

## PRAYER FOR RELIEF

WHEREFORE, the premised considered, Plaintiff demands judgment against Defendants and requests the following relief for the violations set forth in this Complaint:

a. Enjoin the sale of 3128-3130 Georgia Avenue, NW, Washington, DC 20010, Square 2891 Lot 0825 at the October 13, 2021 real property tax sale;

b. Remove said property from the list of properties eligible for tax sale in the District of Columbia;

c. Enter a declaratory judgment that D.C. Code §42-3131.01 *et seq*. and its regulations, customs, practices, and implementing policies are unlawful and unconstitutional;

d. Enter a permanent injunction against Defendants for engaging in the unlawful practices as described in this complaint;

e. Award compensatory and punitive damages in excess of Six Million dollars;

f. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

g. Award pre-judgment and post judgment interest; and

h. Any other relief that the Court deems just and proper.

        Respectfully submitted,
        **HOUSTON & HOWARD**

By:   */s/ Johnny M. Howard*
      Johnny M. Howard, #264218
      1001 Connecticut Avenue, NW, Suite 402
      Washington, DC 20036
      (202) 628-7058
      Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.