

## Real Property Tax Appeals Commission

IN ACCORDANCE WITH Section §47-825.01a of the District of Columbia Statutes you are hereby notified of your Classification Appeal as finalized by the Real Property Tax Appeals Commission for the property described below. **If YOU WISH TO APPEAL THIS ASSESSMENT FURTHER, SEE THE INFORMATION BELOW.**

| **Hearing Date:** August 31, 2016    **Decision Date:** September 15, 2016 |
|---|
| **Legal Description of Property**<br><br>Square: 2891   Lot: 0825<br><br>Property Address: 3129 – 3130 Georgia Avenue NW |

## TAX YEAR 2015 CLASSIFICATION

The Petitioner seeks relief from the denial of a request for exemption from Registration of Vacant Buildings Law dated March 31, 2016 and May 26, 2016, that the Petitioner received by electronic mail on March 31, 2016, and June 1, 2016, respectively. DCRA denied the request for exemption on the basis that the Petitioner did not provide proof or documents to show that any effort was being made to rent or sell the property because the owner had not listed the property on MRIS, the multiple listing system. DCRA's response also recites the D.C. Code that states that "the time period for sale or rent shall not exceed one year from the initial listing, offer, or advertisement of sale in the case of residential buildings."

The Petitioner makes the following arguments:

- The initial application was filed on June 24, 2015, and resubmitted on August 26, 2015. DCRA did not take official action on the case until the Petitioner placed a telephone call to the Vacant Property Office on March 30, 2016, – nine (9) months after the initial application date.
- DCRA's in-house rule that the owner must list the property on MRIS in order to prove that the owner is acting in good faith to lease or sell the property is arbitrary and unreasonable.
- DCRA's *Denial Letter* refers to a statement in the D.C. Code that addresses a requirement for residential properties. The statement does not apply to the subject because it is a commercial property.
- The property has not been abandoned or neglected by the property owner. The property is well-maintained, routinely cared for, and there have been no complaints from the community.
- When the exemption application was submitted, the owner provided DCRA with various electronic mail communications between the owner's attorney and a Senior Real Estate Representative from 7-11 Inc. (stores), who had expressed a desire to enter into a long-term lease with the owner and to develop and occupy the property.

At the RPTAC hearing, the DCRA representative acknowledged that there had been no complaints received about the property and that there was no evidence to indicate that the property had been abandoned or neglected. The DCRA representative also could not explain why DCRA's response to the Petitioner's application took so long (9 months) when it is statutorily required to respond within 30 days after receiving the petition, nor could the representative explain why the *Denial Letter* would state a requirement that is intended for residential properties when the subject property is a commercial property.

Square: 2891   Lot: 0825

Property Address: 3129 – 3130 Georgia Avenue NW

Based upon the preponderance of the evidence, the Commission finds that the Petitioner acted in good faith to follow the rules and regulations in filing its petition; that the evidence the Petitioner provided to DCRA in the form of electronic mailings between the Petitioner's attorney and the 7-11 company should have been accepted as proof that the owner was trying to negotiate a lease on the property; and that there is no evidence that the property had been abandoned, neglected, or considered a nuisance by the community.

Furthermore, the Commission finds that DCRA failed in its duty to respond to the Petitioner's request for reconsideration of DCRA's denial of the Petitioner's request for exemption within 30 days, as required by law, and that its *in-house* rule that requires a property to be listed on MRIS (a multiple listing service that is designed primarily for residential properties) in order to prove that the property owner is acting in good faith in trying to lease or sell the property, is both arbitrary and unreasonable – especially in view of the fact that the subject is a commercial property. For these reasons, the Commission finds that DCRA erred in its decision to deny the Petitioner's request for the exemption. The Commission therefore grants the Petitioner's request for the exemption of the subject property from the registration of vacant buildings for tax year 2015.

## COMMISSIONER SIGNATURES

_____    _____    _____
Gregory Syphax                    Richard Amato, Esq.              Alvin Jackson

## FURTHER APPEAL PROCEDURES

**Petitioners who want to request a RPTAC rehearing must do so within fifteen (15) days of the date of this decision. Petitioners have the right to appeal an adverse decision of RPTAC to the Superior Court of the District of Columbia under the applicable provisions of the D.C. Code. Appeals to Superior Court must be filed no later than September 30th of the tax year. In order to file an appeal with the D.C. Superior Court, petitioners must pay full year taxes to the Office of Tax and Revenue.**