UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STELLA R. JOHNSON ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| Defendants ) | |

**APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Stella R. Johnson, the owner of real property situated at 3128-3130 Georgia Avenue, NW, Washington, DC 20010, Square 2891 Lot 0825, (referred to as the "subject property" or "Plaintiff's property"), through her counsel, moves the Court for the entry of a Temporary Restraining Order and Preliminary Injunction in her favor.  Pursuant to guaranteed rights under the Fifth Amendment to the United States Constitution, Plaintiff has filed a Complaint against the District of Columbia Government and Mayor Muriel Bowser seeking, among other things, to enjoin the sale of the subject property at the October 13, 2021 real property tax sale.  The District of Columbia Government agencies involved in the asserted regulatory taking of the subject property are the Department of Consumer and Regulatory Affairs (hereinafter referred to as "DCRA") and its Vacant Building Enforcement Unit (hereinafter referred to as "VBE") and the Office of Tax and Revenue (hereinafter referred to as "OTR").

In the Complaint, Plaintiff also challenges the alleged enforcement of D. C. Code §42-3131.01 *et seq.* against her property and the unlawful, systemic and continuous regulatory taking of her property rights, through repetitive, ineffectual administrative proceedings before DCRA

and VBE.  DCRA refuses to honor the decisions of the Real Property Tax Appeals Commission (hereinafter referred to as "RPTAC").

Accordingly, pursuant to FRCP 65 and LCvR 65.1, Plaintiff now moves this Court for entry of a Temporary Restraining Order (TRO) and Preliminary Injunction to enjoin the District of Columbia from selling the plaintiff's property at the October 13, 2021 real property tax sale.

**HEARING REQUESTED**

October 13, 2021                               Respectfully submitted,
                                               **HOUSTON & HOWARD**

                                       By:  ___/s/ Johnny M. Howard___
                                               Johnny M. Howard, #264218
                                               1001 Connecticut Avenue, NW, Suite 402
                                               Washington, DC  20036
                                               (202) 628-7058
                                               Attorney for Plaintiff


**LCvR 65.1(a) Statement**

Notice of Plaintiff's intent to seek a Temporary Restraining Order (TRO) was conveyed to the Office of the Attorney General for the District of Columbia on October 12, 2021 at about 2:47 p.m.  Undersigned counsel received an acknowledgement of receipt of the Complaint and exhibits from Assistant Attorney General Attorney Robinson.

On this date, October 13, 2021, a copy of the Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction were served by electronic mail on Deputy Attorney General Chad Copeland, Assistant Deputy Attorney General Stephanie Litos, and Assistant Attorney General Tonia Robinson prior to the assignment of a case number.

                                       By:  ___/s/ Johnny M. Howard___
                                               Johnny M. Howard

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Application for Temporary Restraining Order and proposed order were served via electronic mail on Deputy Attorney General Chad Copeland, Chad.Copeland@dc.gov, Assistant Deputy Attorney General Stephanie Litos, Stephanie.Litos@dc.gov, and Assistant Attorney General Tonia Robinson, Tonia.Robinson@dc.gov, Office of the Attorney General, 400 – 6th Street, NW, Washington, DC 20001, this 13th day of October 2021.

                                              */s/ Johnny M. Howard*
                                              Johnny M. Howard

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STELLA R. JOHNSON )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.* )<br>)<br>Defendants )<br>) | Case No. |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Stella R. Johnson, by and through counsel, submits the following Memorandum of Points and Authorities in support of the Application for Temporary Restraining Order and the Motion for Preliminary Injunction.

**FACTORS FOR RELIEF**

The Court considers four factors in granting a TRO: (1) whether the Plaintiff is substantially likely to succeed on the merits; (2) whether the Plaintiff is in danger of being irreparably harmed during the pendency of the action absent injunctive relief; (3) whether the balance of hardships tips in the Plaintiff's favor; and (4) whether the public interest favors granting the injunctive relief.  See *Virginia Petroleum Jobbers Association v. Federal Power Com'n,* 104 U.S.App.D.C. 106, 259 F.2d 921 (1958); *In re Antioch Univ.,* 418 A.2d 105, 109 (D.C. 1980).

**A. LIKELIHOOD OF SUCCESS ON THE MERITS**.

1.  The Plaintiff's claim is exceedingly likely to succeed on the merits.  First and foremost, Plaintiff is current in the payment of real property taxes on the subject property.  Since

the commencement of her ownership of the property, Plaintiff has never failed to pay taxes timely at the Class 2 tax rate.

2. Plaintiff has litigated through the District's administrative process the redesignation of the real property tax rate of the subject property from the Class 3 tax rate to the Class 2 tax rate on three occasions since 2015. On each of those occasions, the highest tribunal in the administrative process, RPTAC, has ruled in Plaintiff's favor and directed that the subject property be reclassified at the Class 2 rate. (See Exhibit Nos. 1-3). Despite having achieved a favorable ruling at the highest administrative tribunal, OTR ignores the rulings and continues to apply the Class 3 tax rate to the subject property. Now, the subject property in scheduled to be sold at the October 13, 2021 real property tax sale.

3. After the favorable decision from RPTAC on March 6, 2020, OTR has refused to honor said decision and has failed to recalculate the plaintiff's tax burden at the Class 2 tax rate. Not only has OTR refused to cause the tax rate to be restored to the Class 2 level, but the two participants at the RPTAC appeal hearing from DCRA, an attorney from the General Counsel's office for DCRA and the agency representative for DCRA, the Chief Building Engineer Garrett Whitescarver, refuse to confirm the applicability and validity of the RPTAC decision with officials at OTR.

4. Before the March 6, 2020 RPTAC decision, VBE initiated a fourth proceeding against the subject property on August 21, 2019. Plaintiff responded timely to this fourth initiation by filing the required "Vacant Building Response" form. Although VBE was required to respond to Plaintiff's" Vacant Building Response" form within 30 days, DCRA and VBE have been silent. Plaintiff has received no response or communication from DCRA or VBE. Through silence, DCRA and VBE have effectively foreclosed plaintiff's right to seek redress through the

administrative process.  The failure to respond to Plaintiff's Vacant Building Response form has denied Plaintiff the ability to receive a first level appeal decision or final order which is necessary to invoke the jurisdiction of RPTAC.

5. Meanwhile, as previously indicated, OTR persists in the reclassification of the subject property at the Class 3 tax rate and continues to impose significant penalties and interest. OTR indicates that the outstanding tax on the said property is $168,296.49.

6. OTR notified Plaintiff that her property will be sold at the October 13, 2021 real property tax sale.

7. The administrative process created by the District of Columbia is a sham.  VBE has never adhered to the time requirements imposed by the District's rules and continues to place Plaintiff's property in jeopardy of being sold at a tax sale.  On a prior occasion during the lengthy ordeal with VBE, OTR, without any notice to Plaintiff, sold plaintiff's multi-million-dollar property on or about July 18, 2016, at a tax sale for an alleged delinquent amount of $12,410.52. During this time period, Plaintiff was engaged in and in the midst of pursuing relief in the administrative process designed by the District.  (Fortunately, the tax sale was reversed and plaintiff's full ownership rights in the subject property were restored.)

8. Neither VBE nor OTR has the authority to exercise control over Plaintiff's property.  Plaintiff owned the subject property before VBE was created and before C.C. Code §42-3131.01 *et seq.* was codified.

9. Plaintiff makes productive use of her property and has done so since 1986.  The subject property is, and remains, well-maintained and does not pose any harm or threat to the peace and tranquility of the community where the property is situated.  There are no life-or-

health threatening conditions on the property.  No citations of nuisance or blight have ever been issued against the subject property.

10.     The United States Supreme Court in *Knick v. Township of Scott*, 588 U.S. ____, 139. S.Ct. 2162, 204 L.Ed.2d 558 (2019), recognized that the "Civil Rights Act of 1871 guarantees 'a federal forum for claims of unconstitutional treatment at the hands of state officials, and the settled rule is that 'exhaustion of state remedies is not a prerequisite to an action under 42 U.S.C. §1983." quoting *Heck v. Humphrey,* 512 U.S. 477, 480, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)  "A property owner has an actionable Fifth Amendment takings claim when the government takes [her] property without paying for it." *Knick* at 139 S.Ct. 2168.  See also, *Campbell v. United States*, 932 F.3d 1331, 1338 (Fed. Cir. 2019).  The Fifth Amendment to the United States Constitution guarantees due process before a citizen can be deprived of her property rights without just compensation.

11.     VBE does not possess a single shred of evidence that the subject property is or should be classified as "vacant property."  VBE has never presented any evidence at the administrative level to prove otherwise.

12.     Also, critically, important, VBE has repeatedly ignored the procedural requirements and rules of engagement throughout the District's designed administrative process. There has not been a single occasion since 2015 that VBE has adhered to the administrative rules or time limitations which the District has established.

## B. IRREPARABLE HARM.

Real property is unique by its very nature.  There is no adequate substitute for the property which plaintiff owns at 3128-3130 Georgia Avenue, NW, Washington, DC 20010.  This

factor is also satisfied by reference to the points and authorities offered above in support of the first factor.

## C. **BALANCE OF EQUITIES**.

The balance of equities also clearly favors Plaintiff. The law favors persons situated like Plaintiff who follow the law and honor the rights guaranteed under the United States Constitution. The Takings Clause of the Fifth Amendment states in pertinent part that "private property [shall not] be taken for public use, without just compensation."

## D. **PUBLIC INTEREST**.

Plaintiff, as a longtime owner of other commercial properties in the northwest quadrant of the District of Columbia, has a strong interest in ensuring that she and other such property owners are not disadvantaged by the tactics of District of Columbia officials seeking to unlawfully strip them of the equity in their properties. Plaintiff has worked hard to acquire and maintain her property. She does not owe the District of Columbia government anything.

A Temporary Restraining Order (TRO) would serve the public interest by protecting minority commercial property owners from the unlawful taking of commercial real property by the District of Columbia, and by preventing the over-regulation of longtime commercial property owners to make it easier for new owners to acquire their properties.

For the foregoing reasons, Plaintiff requests that this Court enter the attached proposed Temporary Restraining Order and Motion for Preliminary Injunction.

                        Respectfully submitted,
                        **HOUSTON & HOWARD**

By:    */s/ Johnny M. Howard*
       Johnny M. Howard, #264218
       1001 Connecticut Avenue, NW,
       Suite 402
       Washington, DC  20036

(202) 628-7058
Attorney for Plaintiff

- 6 -

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STELLA R. JOHNSON )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.* )<br>)<br>Defendants )<br>) | Case No. |

## ORDER

Upon consideration of Plaintiff's Application for a Temporary Restraining Order, any opposition thereto, and the entire record here in, it is, by the Court, this _____ day of October 2021,

ORDERED that Plaintiff's Application for a Temporary Restraining Order, be and hereby is **GRANTED**; and

ORDERED that the District of Columbia shall remove the real property known as Square 2891 Lot 0825, 3128-3130 Georgia Avenue NW, Washington, DC 20010 be removed for the list of eligible properties to be sold at the October 13, 2021 real property tax sale, and it is

FURTHER ORDERED that the tax classification for said property be restored to the Class 2 tax rate without delinquency or interest and penalties.

October ___, 2021                                        _____
                                                                         JUDGE

Copies to:

Johnny M. Howard, Esq.
houhow@erols.com

- 2 -

Chad Copeland, Deputy Attorney General
Chad.Copeland@dc.gov

Assistant Deputy Attorney General
Stephanie.Litos@dc.gov

Tonia Robinson, Assistant Attorney General
Tonia.Robinson@dc.gov