UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STELLA R. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 21-2686 (RJL) |

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### INTRODUCTION

In their motion to dismiss plaintiff's complaint [9], defendants the District of Columbia and Mayor Muriel Bowser (collectively, the District) argued that plaintiff's claims, stemming from the District's tax classification and subsequent sale of her commercial property, should be dismissed for lack of jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6). In support of its motion, the District argued that the Court lacks jurisdiction to hear plaintiff's claims under the District of Columbia Court Reform and Criminal Procedure Act of 1970 (Court Reform Act), and lacks jurisdiction to issue injunctive relief under the Tax Injunction Act. The District further argued that plaintiff has not stated a claim for either procedural or substantive due process, has not stated a claim under the Takings Clause, has not stated a Fourth Amendment claim, has not stated a claim for municipal liability, and cannot bring a claim under the Declaratory Judgment Act. *See* Defs.' Mem. in Support of Mot. to Dismiss (Defs.' Mem.) [9-1]. In her response, plaintiff fails to address most of those arguments, contending only that the Tax Injunction Act does not apply here, Pl.s' Opp'n to Defs.' Mot. to Dismiss (Pl.'s Opp'n) at 6-8, and

that her due process claims should survive the District's motion, *id.* at 8-9. But even as to these two points, plaintiff's arguments are unpersuasive. The Tax Injunction Act does apply because plaintiff is contesting the collection of a tax and has adequate remedies under District law that she can pursue. Plaintiff likewise has not stated a claim for procedural due process because she continues to ignore these very avenues of redress. And she has not stated a claim for substantive due process because her claims sound in other causes of action and do not shock the conscience. Plaintiff's Amended Complaint should be dismissed.

## ARGUMENT

**I.      This Court Lacks Jurisdiction Over Plaintiff's Claims.**

   **A.      The Jurisdictional Argument Plaintiff Has Not Addressed Should Be Treated as Conceded.**

In its motion to dismiss, the District argued that this Court lacks jurisdiction over plaintiff's claims because Congress divested federal courts of jurisdiction over District tax matters under the Court Reform Act, assigning exclusive jurisdiction instead to the Superior Court of the District of Columbia (Superior Court). *See* Defs.' Mem. at 7. Plaintiff does not dispute this but instead points to *Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019), for the proposition that "takings claimants may bring claims for violations of Section 1983 directly in federal court without going to state court." Pls.' Opp'n at 5. But the Court in *Knick* was addressing a separate question from the one at issue here, namely whether a plaintiff seeking to raise a takings claim in federal court must first exhaust that claim by bringing suit in state court. Plaintiff cannot use that holding to circumvent the Court Reform Act.[1] *See Jenkins v. Washington Convention Ctr.*, 236 F.3d 6, 11 (D.C. Cir. 2001). Nevertheless, even if it somehow abrogated the Court Reform Act, the Court's

---

[1]      As discussed below, plaintiff has also conceded the District's argument that her allegations do not state a Takings claim.

holding in *Knick* only applies to takings claims. Plaintiff has offered nothing to dispute that this Court lacks jurisdiction to hear her remaining claims. All of them should be dismissed. *See* LCvR 7(b) (motion may be treated as conceded when no opposition memorandum filed); *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) (LCvR 7(b) "understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded").

      **B.**      **The Tax Injunction Act Applies Because Plaintiff Is Contesting the Validity and Collection of a Tax, and District Law Provides for Remedies in Superior Court.**

As the District argued in support of its motion to dismiss, under the Tax Injunction Act, this Court lacks jurisdiction to grant plaintiff any injunctive relief here. *See* Defs.' Mem. at 8-9 (citing 28 U.S.C. § 1341). Plaintiff acknowledges this jurisdictional bar but contends that it does not apply here for two reasons. Both are incorrect.

First, plaintiff points to an unspecified "exception to the Tax Injunction Act" purportedly revealed by the Supreme Court's decisions in *Direct Marketing Association v. Brohl*, 575 U.S. 1 (2015), and *CIC Services, LLC v. IRS*, 141 S. Ct. 1582 (2021). Pl.'s Opp'n at 6. Neither case, however, applies here. *CIC Services* dealt with the Anti-Injunction Act, which bars courts from enjoining the collection of federal taxes. *See* 141 S. Ct. at 1589 n.1; 26 U.S.C. § 7421. Plaintiff's claims here, however, involve non-federal taxes to which the Anti-Injunction Act does not apply. *Brohl* involved a state law concerning state taxes, but the question there was whether the Tax Injunction Act barred injunctive relief in a lawsuit challenging two requirements under Colorado law: (1) that certain businesses inform patrons of their sales tax payment obligations, and (2) that those same businesses provide annual customer reports to the Colorado government. *See Brohl*, 575 U.S. at 5-6. The Court held that the Tax Injunction Act's prohibition on "enjoin[ing], suspend[ing], or restrain[ing] the assessment, levy or collection of any tax under State law" did

not extend to these notice and reporting requirements. *Id.* at 11. The Court reasoned that the Colorado statute only imposed notice and reporting requirements that came into play before any "assessment," "levy," or "collection" occurred. *Id.* at 9-10.

Unlike in *Brohl*, plaintiff here does not ask the Court to enjoin a requirement on information gathering or reporting. Rather, plaintiff asks this Court to undo the tax sale of her property, which was carried out pursuant to a tax lien. *See* Am. Compl. [7] at 15. The relief she seeks is an injunction against the "collection" of a tax. *See Brohl*, 575 U.S. at 10 ("collection" as used in Tax Injunction Act refers to "the act of obtaining payment of taxes due," and may include "distraint, forfeiture, and other legal proceedings"). That is precisely the kind of relief barred by the Tax Injunction Act. *See Wright v. Pappas*, 256 F.3d 635, 637 (7th Cir. 2001) (concluding tax sale "is a mode of tax collection").

Second, plaintiff points to the Tax Injunction Act's proviso that its jurisdictional bar only applies where there is a "plain, speedy and efficient" state court remedy available. Pl.'s Opp'n at 7; *see* 28 U.S. § 1341. Plaintiff contends that "officials … have intentionally blocked plaintiff's access to a 'plain, speedy and efficient' remedy; [the Real Property Tax Appeals Commission (RPTAC)]." Pl.'s Opp'n at 7. But even assuming plaintiff's allegations are true, as the District has previously argued, plaintiff still has several other remedies at her disposal under District law, including the statutory right of redemption and the right to pay the tax and bring suit in Superior Court. *See* Defs.' Mem. at 8. Tellingly, plaintiff makes no argument that her right of redemption is an insufficient remedy under the Tax Injunction Act—nor could she, as other courts have recognized. *See, e.g.*, *Miller v. District of Columbia*, Civil Action No. 06-1935, 2006 WL 3361504, at *3 (D.D.C. Nov. 20, 2006) (finding District's "detailed statutory scheme … governing the redemption and foreclosure of property" suffices under Tax Injunction Act). Instead, presumably

4

in reference to D.C. Code § 47-3303, plaintiff contends that "it is ludicrous to think that through the filing of a lawsuit brought in the District of Columbia Superior Court where plaintiff must pay an exorbitant tax before she can complain about the 'vacant property' designation of her property constitutes a 'plain, speedy and efficient' remedy." Pl.'s Opp'n at 7. But as the Supreme Court explained in *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503 (1981), the requirement of "plain, speedy and efficient" state-court remedies entails a "*procedural* interpretation." *Id.* at 512 (emphasis in the original). The operative question is whether the state procedure "provides the taxpayer with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." *Id.* at 514 (citation and internal quotation marks omitted). Indeed, in *Rosewell*, the Court held that an Illinois statute allowing a taxpayer to challenge a tax in state court only after paying it sufficed under the Tax Injunction Act. *See id.* at 508. The same is true here.

Thus, even if plaintiff's allegations are true, at least two available remedies under District law are "plain, speedy and efficient." The Tax Injunction Act bars injunctive relief.

**II.     Plaintiff Has Not Stated a Claim for Relief.**

      **A.     The Arguments Plaintiff Has Not Addressed Should Be Treated as Conceded.**

Plaintiff's response fails to address most of the arguments the District raised based on her failure to state a claim for relief under Rule 12(b)(6). The District argued in support of its motion to dismiss that plaintiff has not stated a takings claim because even as alleged, the District sold her property pursuant to its taxation power, not its eminent domain power or any other power designed to appropriate private property for public use. *See* Defs.' Mem. at 14-15. Plaintiff does not address

5

that argument at all.² The District also argued that the Amended Complaint's vague reference to the Fourth Amendment does not suffice to state a claim for an unreasonable seizure, and that, in any event, a tax sale could not give rise to a Fourth Amendment claim. *See* Defs.' Mem. at 16-17. The District further argued that plaintiff failed to allege a custom, policy, or practice sufficient for municipal liability against the District, *id.* at 15-16, and that the Declaratory Judgment Act does not create an independent cause of action, *id.* at 17-18. Plaintiff does not address any of those arguments, either. The Court should treat these arguments as conceded. *See* LCvR 7(b); *Wannall*, 775 F.3d at 428.³

### B.      Plaintiff Has Not Stated a Due Process Claim.

Plaintiff's arguments notwithstanding, she has not stated a due process claim. In support of its motion to dismiss, the District argued that plaintiff failed to state a procedural due process claim because she still has numerous available avenues for seeking redress. Defs.' Mem. at 9-12. In her response, plaintiff merely restates alleged grievances with the administrative process through which she challenged the tax classification of her commercial property. *See* Pl.'s Opp'n at 8.  As the District has argued, however, even if plaintiff's allegations are true, she cannot succeed on a claim that she was denied procedural due process in light of the numerous options for legal

---

²     In a section of her brief purportedly addressing due process, plaintiff argues that she should prevail under *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104 (1978), but cites to that case's analytical factors for determining when a regulatory taking has occurred. *See* Pl.'s Opp'n at 9; *see also Bldg. Owners & Mgrs. Ass'n Int'l v. FCC*, 254 F.3d 89, 99 n.13 (D.C. Cir. 2001) (three-factor test from *Penn Central* used "[t]o determine whether a regulation constitutes a regulatory taking"). Plaintiff offers no analysis for how the *Penn Central* factors weigh in her favor, nor has plaintiff alleged a regulatory taking here at all. The *Penn Central* analysis is therefore irrelevant.

³     In one line at the end of her brief, plaintiff states that "[t]he other arguments advanced by the Defendants relative to the Fourth Amendment and the Declaratory Judgment Act are without merit." Pl.'s Opp'n at 9. But the Court may treat the District's arguments as conceded despite this conclusory assertion. *See Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 301 (D.D.C. 2013).

redress that she has chosen not to pursue. *See* Defs.' Mem. at 10-11. Tellingly, plaintiff does not directly address this argument.[4]

Similarly, the District previously argued that plaintiff failed to state a substantive due process claim because her contentions sound in other provisions of law and do not shock the conscience. Defs.' Mem. at 12-13. In her response, plaintiff does not address any of this directly, instead asserting that "[f]or reasons that would shock anyone's conscience, the officials at [the Department of Consumer and Regulatory Affairs] simply will not allow this plaintiff an opportunity [to] own her property in peace," and that "[t]here is something sinister about government officials who will not abide by the law they have sworn to follow, and who will not allow a property owner to lawfully use her property as she sees fit." Pl.'s Opp'n at 8. But the sufficiency of plaintiff's allegations depends on the substance of what she alleges, not the use of "magic words" such as "shock [the] conscience." *See Archey v. Hyche*, Nos. 90-5631, 90-5863, 1991 WL 100586, at *4 (6th Cir. June 11, 1991) (sufficiency under Rule 12(b)(6) "does not depend upon allegations cast in the 'magic words' of the substantive due process standards such as 'shocking to the conscience,'" turning instead on "whether the fact as alleged may reasonably be construed to state a claim that meets those standards"). Merely alleging that the District is violating the law does not establish conscience-shocking conduct; otherwise every lawsuit would give rise

---

[4]   In making a separate point about the adequacy of state remedies under the Tax Injunction Act, plaintiff, presumably in reference to D.C. Code § 47-3303, contends that "it is ludicrous to think that through the filing of a lawsuit brought in the District of Columbia Superior Court where plaintiff must pay an exorbitant tax before she can complain about the 'vacant property' designation of her property constitutes a 'plain, speedy and efficient' remedy." Pl.'s Opp'n at 7. But that is just one of several avenues for redress available to plaintiff. More notably, plaintiff has at her disposal the redemption process as set forth by statute. *See* Defs.' Mem. at 8 (citing D.C. Code §§ 47-1360 to 47-1385). Beyond her conclusory assertion that "there is a lack of an adequate administrative process and a lack of a local court remedy" for her, *see* Pl.'s Opp'n at 7, plaintiff offers nothing to show that she is in fact unable to pursue the alternative remedies available to her.

to a substantive due process claim. Plaintiff has pointed to no facts suggesting conscience-shocking conduct. In any case, her claims sound in other provisions of law and do not fall under the rubric of substantive due process.

## CONCLUSION

For the foregoing reasons, and the reasons stated in the District's motion to dismiss, the Court should dismiss plaintiff's Amended Complaint with prejudice.

Dated:  January 4, 2022.    Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
Assistant Attorney General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 724-7272
Fax: (202) 730-1833
micah.bluming@dc.gov

*Counsel for Defendants*