## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STELLA R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 21-2686 (RJL) |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
(September 12, 2022) [Dkt. #9]

Plaintiff Stella R. Johnson ("plaintiff" or "Ms. Johnson") owns commercial real property in the District of Columbia ("D.C." or "the District"). The Vacant Building Enforcement Unit ("VBE") of the District's Department of Consumer and Regulatory Affairs ("DCRA") has assessed plaintiff's property as "vacant" at least four times. Although plaintiff successfully challenged the designation several times, her fourth administrative challenge did not resolve in her favor and the District subsequently sold the property at a tax sale. Plaintiff sued D.C. and Mayor Muriel Bowser (collectively, "defendants") for injunctive and declaratory relief and damages, claiming that defendants violated her constitutional rights. *See* Amended Complaint ("Am. Compl.") [Dkt. #7]. Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim. *See* Defs.' Mot. to Dismiss [Dkt. #9].

1

Because this Court lacks subject-matter jurisdiction over challenges to District of Columbia taxes, the Motion to Dismiss is GRANTED.

## BACKGROUND

### A. Factual Background

Plaintiff owns commercial real property located at 3128–3130 Georgia Avenue N.W. in the District. *See* Am. Compl. ¶ 1. She alleges that, since 2015, VBE has "designated the subject property as 'vacant property'" several times, leading "to an increased tax rate" from Class 2 to Class 3. *Id.* at ¶ 15. After each redesignation, the District's Office of Tax and Revenue ("OTR") recalculated plaintiff's tax liability "at the Class 3 tax rate and imposed interest and penalties for the alleged late payment of taxes." *Id.* at ¶ 17. Plaintiff refused to pay the recalculated tax liability, triggering OTR to include her property on the District's real property tax sale list. *Id.* at ¶ 18.

Plaintiff administratively challenged the "vacant" designation each time the VBE so designated her property. Am. Compl. ¶ 19. She claims that she succeeded three times, receiving favorable decisions from the Real Property Tax Appeals Commission ("RPTAC"). *Id.* at ¶¶ 21–22. After the fourth "vacant property" designation, plaintiff filed a Vacant Building Response form in September 2019. *Id.* at ¶ 25. VBE did not respond. *Id.* at ¶ 28. On October 13, 2021, the District sold plaintiff's property at a real property tax sale. *Id.*

### B. Procedural Background

On October 13, 2021, plaintiff filed a two-count complaint alleging violations of the Fifth Amendment to the U.S. Constitution under 42 U.S.C. § 1983 and seeking relief under

2

the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  *See* Complaint [Dkt. #1].  The same day, plaintiff moved for a temporary restraining order and preliminary injunction to enjoin the sale of her property at a real property tax sale scheduled on that day.  *See* Mot. for Temporary Restraining Order and Preliminary Injunction ("TRO") [Dkt. #2].  Serving as the Emergency Judge, my colleague Judge Florence Y. Pan held an evidentiary hearing on plaintiff's motion for preliminary relief and denied the motion on October 17, 2021. *See* Minute Entry (10/17/2021).

Plaintiff filed her First Amended Complaint raising the same two causes of action on November 3, 2021.  *See* Am. Compl.  Defendants moved to dismiss plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim.  *See* Memo. in Support of Defs.' Mot. to Dismiss Pl.'s Am. Compl. ("MTD") [Dkt. #9-1].  That motion is now ripe.

### LEGAL STANDARD

"When considering a motion to dismiss under Rule 12(b)(1), the court must accept as true all uncontroverted material factual allegations contained in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged and upon such facts determine jurisdictional questions.'" *Albra v. Bd. of Trs.*, 296 F. Supp. 3d 181, 185 (D.D.C. 2018) (quoting *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011)).  "[T]he court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).

3

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The allegations must allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.* When resolving a Rule 12(b)(6) motion to dismiss, the Court "assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor." *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014).

## ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Defendants argue that this Court lacks jurisdiction over plaintiff's claims because "Congress gave the courts of the District of Columbia exclusive jurisdiction over constitutional challenges to District taxes[] and the Tax Injunction Act divests this Court of jurisdiction to issue injunctive relief." MTD at 1. And, defendants continue, plaintiff fails to state a claim upon which relief can be granted under the Fourth or Fifth Amendments, for municipal liability, or under the Declaratory Judgment Act. *See id.* at 1– 2. Plaintiff disagrees, contending that the Tax Injunction Act does not apply and that her Amended Complaint states a claim for both procedural and substantive due process and a regulatory taking. *See* Pl.'s Opp. to Defs.' Mot. to Dismiss ("Opp.") [Dkt. #12] at 6–9.

4

Unfortunately for plaintiff, I agree with defendants that plaintiff's suit must be dismissed for lack of jurisdiction.

In the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub. L. 91-358, 84 Stat. 473 (July 29, 1970) (codified at D.C. Code § 11–101 *et seq.* (1981)) ("Court Reform Act" or "CRA"), "Congress established a state-type court system for the District of Columbia and transferred jurisdiction over matters arising under District of Columbia law from the federal courts to the new District of Columbia courts," *Jenkins v. Wash. Convention Ctr.*, 236 F.3d 6, 10 (D.C. Cir. 2001). Section 111 of the CRA specifically granted jurisdiction to the Superior Court of the District over "any civil action or other matter, at law or in equity, which involves an appeal from or petition for review of any assessment of tax (or civil penalty thereon) made by the District of Columbia." *Id.* at 10–11 (quoting Court Reform Act, Title I, § 111 (codified as D.C. Code § 11–921(a)(3)(B) (1981))). And, Congress explained, "the jurisdiction of the Tax Division of the Superior Court … is exclusive." *Jenkins*, 236 F.3d at 11 (quoting Court Reform Act, Title I, § 111 (codified as D.C. Code § 11–1202 (1981))). As our Circuit has held, "Congress' intent in the Court Reform Act could not be more clear: Congress unambiguously intended to vest in the District of Columbia courts exclusive jurisdiction over all challenges to District of Columbia taxes including those involving federal statutory or constitutional claims in lieu of (rather than concurrently with) jurisdiction in the federal courts." *Jenkins*, 236 F.3d at 11.

The Federal Tax Injunction Act ("FTIA") provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law

where a plain speedy and efficient remedy may be had in the courts of such State."  28

U.S.C. § 1341.  "[T]he Supreme Court has not decided 'whether the [FTIA] [itself] covers

damages suits under 42 U.S.C. § 1983[.]'"  *District Lock & Hardware, Inc. v. District of*

*Columbia*, 808 F. Supp. 2d 36, 39 (D.D.C. 2011) (quoting *Wright v. Pappas*, 256 F.3d 635,

636 (7th Cir. 2001)).  Nor has our Circuit decided "whether the FTIA … bars federal court

challenges to District of Columbia taxes in the same manner that it bars federal court

challenges to state taxes."  *District Lock*, 808 F. Supp. 2d at 39.  However, the Supreme

Court has held "that taxpayers are barred by the principle of comity from asserting § 1983

actions against the validity of state tax systems in federal courts."  *Fair Assessment in Real*

*Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981); *see also id.* at 112 (explaining that

the principle of comity reflects "a proper respect for state functions").  And our Circuit

Court "treat[s] the District of Columbia courts as state courts" for purposes of *Younger*

abstention, which is based on the same principle of comity.  *JMM Corp. v. District of*

*Columbia*, 378 F.3d 1117, 1124 (D.C. Cir. 2004).  Thus, the principle of "comity at a

minimum bars damages actions that would otherwise be barred by the FTIA itself" and,

more specifically, "bar[s] tax sale challenges."  *District Lock*, 808 F. Supp. 2d at 41–42.

Plaintiff's Amended Complaint presents two causes of action: first, a claim under

the Fifth Amendment and 42 U.S.C. § 1983, and, second, a claim under the Declaratory

Judgment Act, 28 U.S.C. § 2201.  Broadly, plaintiff alleges violations of her rights to

substantive and procedural due process and claims that the sale of her property was an

unconstitutional taking.  To support her claims, plaintiff alleges that the District has

violated her constitutional rights by designating her property as vacant and taxing her

property at a higher tax rate, and then selling her property at a tax sale. Am. Compl. ¶¶ 9–30. She seeks a variety of injunctive and declaratory relief, including (a) that the tax sale of her property be undone and the title returned to her; (b) that her property be removed from lists of "vacant property"; (c–d) relief declaring and enjoining the District's unlawful and unconstitutional enforcement of D.C. Code provisions relating to vacant properties; and (e–g) a variety of compensatory relief. *See* Am. Compl. at 14–15 (Prayer for Relief).

At bottom, plaintiff brings constitutional challenges to the District's assessment of taxes and the resulting sale of plaintiff's property at a tax sale. These claims are barred by the CRA and the principle of comity. *See Jenkins*, 236 F.3d at 11; *District Lock*, 808 F. Supp. 2d at 42. To the extent plaintiff's suit challenges the District's assessment of taxes or seeks refunds of District taxes, the CRA requires plaintiff to bring those challenges in D.C. Superior Court. *See Miller v. District of Columbia*, 2007 WL 1748890, at *3 (D.D.C. June 18, 2007) (citing *Jenkins*, 236 F.3d at 11). And "federal courts do not have subject-matter jurisdiction over … suit[s] seeking to set aside or undo the sale of … propert[y] at a tax auction because a tax sale … is a mode of tax collection." *District Lock*, 808 F. Supp. 2d at 41 (internal quotation marks omitted). More generally, even if some of plaintiff's claims are not barred specifically by statute, the principle of comity requires that this Court abstain from deciding issues relating to the local administration of the District's tax system. *See generally id.*

Not surprisingly, plaintiff offers no compelling response to this conclusion. *See* Opp. at 5–8. In fact, she did not respond in her Opposition to the argument that the Court Reform Act divested this Court of jurisdiction over challenges to District taxes. This Court,

of course, "may treat the unaddressed arguments as conceded." *Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) (quoting *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014)); *see also* Local Civil Rule 7(b). Her other arguments concerning the application of the FTIA are unpersuasive and, regardless, irrelevant given that the Court concludes that plaintiff's claims are barred by the CRA and the principle of comity.[1] Accordingly, plaintiff's claims must be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss [Dkt. #9] is hereby GRANTED.   An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[1] As defendants noted, plaintiff also failed to respond to several of defendants' other arguments in their Motion to Dismiss. Because plaintiff has conceded those arguments, *see Texas*, 798 F.3d at 1110, plaintiff's claims alleging an unconstitutional taking, a violation of the Fourth Amendment, and a cause of action under the Declaratory Judgment Act must be dismissed for this reason as well.